## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AF HOLDINGS, LLC,

      Plaintiff,

vs.                                           Case No. 8:12-CV-1693-T-23EAJ

JOHN DOE,

      Defendant.

_____/

### ORDER

Before the Court are Plaintiff's **Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference** (Dkt. 8) and Plaintiff's **Memorandum of Law in Support of Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference** (Dkt. 9). Plaintiff AF Holdings, LLC ("Plaintiff") alleges copyright infringement, contributory infringement, and negligence against an unnamed Defendant ("Doe Defendant") who unlawfully accessed Plaintiff's adult-entertainment video ("Work"). Plaintiff seeks to subpoena Doe Defendant's Internet Service Provider ("ISP") and, if necessary, any intermediary ISPs to obtain Doe Defendant's name and other identifying information.

### Background

Plaintiff has been assigned the copyright to the Work, which was registered[1] by the U.S. Copyright Office on March 25, 2011. Plaintiff alleges that on June 20, 2012, Doe Defendant used

---

[1] The Work is entitled "Sexual Obsession" and holds copyright registration number PA0001725120. (Dkt. 1 Ex. 1)

a BitTorrrent[2] file sharing protocol to download, reproduce, and distribute the Work to numerous third parties without Plaintiff's consent or permission.  Through a forensic investigation, Plaintiff determined that the Internet Protocol ("IP") address involved in the infringing conduct was 68.59.130.7.  Using publicly available information, Plaintiff then correlated this IP address to a specific ISP.[3]  Here, Plaintiff seeks leave to subpoena the ISP to obtain the name of Doe Defendant who is registered to the IP address, along with Doe Defendant's current and permanent addresses, telephone number, email address, and Media Access Control ("MAC")[4] address.  Additionally, if the ISP has leased the IP address to an intermediary ISP, Plaintiff seeks leave to issue a subpoena to the intermediary ISP for Doe Defendant's information.

### Good cause for expedited discovery

Discovery is normally prohibited before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).[5] However, a court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause.  See, e.g., Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No.

---

[2] BitTorrent is a  peer-to-peer file sharing protocol that involves breaking a large file, such as a movie, into many small pieces that can be transferred more readily. (Dkt. 1 ¶¶ 8-13)

[3] The ISP is Comcast Cable Communications LLC. (Dkt. 9 Ex. 1 ¶¶ 24, 28)

[4] The Media  Access Control address  is a number that  identifies the specific computer or device used in the online communication.

[5] The rule provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26.

8:08-cv-310-T-27-MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (applying good cause standard but denying expedited discovery where movant failed to show good cause).   In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim.   See generally Arista Records v. Doe 3, et al., 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D. N.Y. 2004)).

As to a prima facie showing of copyright infringement, Plaintiff states that it has exclusive rights to the copyright at issue and that Plaintiff's investigation uncovered evidence that the Work was illegally downloaded and distributed by Doe Defendant.   Moreover, Plaintiff asserts that good cause is shown because physical evidence of infringement will be destroyed as ISPs typically retain their user activity logs for limited periods of time.   If the information is erased, Plaintiff will be unable to link the IP address to Doe Defendant and pursue its infringement lawsuit.   In situations where "time is of the essence," courts have found good cause to grant expedited discovery.   Arista Records LLC v. Does 1–7, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (citation omitted).

Additionally, Plaintiff explains that it has no other way to obtain Doe Defendant's identity and that its request is specifically limited to basic information such as name and addresses.   Plaintiff also asserts that granting early discovery does not prejudice Doe Defendant because internet users have no expectation of privacy in the subscriber information that they voluntarily submit it to their ISPs.   See CineTel Films, Inc. v. Does 1-1,052, No. JFM 8:11-cv-02438, 2012 WL 1142272, at *9

3

(D. Md. Apr. 4, 2012) (citation omitted).

Plaintiff has identified Doe Defendant by providing the IP address that was involved in the infringing activity and the associated ISP.  Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover Doe Defendant's identity.  Additionally, Plaintiff demonstrated a need for the discovery as it may lose the ability to pursue its infringement case if it does not timely obtain Doe Defendant's identifying information.  Moreover, without identifying Doe Defendant, Plaintiff cannot issue a summons and serve Doe Defendant in this lawsuit.  Without participation by Doe Defendant, there can be no meaningful Rule 26(f) conference.  Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

### Procedural protections

Still, the Court recognizes that the individual who pays for internet access at a given IP address may not be the same individual who engaged in the infringing activity.  There is a risk that a non-infringing party could be identified and served.  As one court observed:

> By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1–3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted).  Additionally, the sensitive subject matter at issue must be considered.  "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions."  In Re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-3995(DRH)(GRB),

4

12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *10 (E.D.

N.Y. May 1, 2012).  At the same time, the privacy concerns of non-infringers are not sufficient to

deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its

case.  Therefore, certain procedural protections are warranted before any identifying information is

made public.[6]

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f)

        Conference (Dkt. 8) is **GRANTED in part and DENIED in part** as set forth in

        this Order;[7]

(2)     Plaintiff may serve the ISP identified above with a Rule 45 subpoena

        commanding the ISP to provide Plaintiff with the true name, current and

        permanent addresses, telephone number, e-mail address, and Media Access

        Control ("MAC") address of the Doe Defendant identified in the Complaint.

        Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to

        a subpoena as a provider of internet services to Doe Defendant.  Plaintiff shall

        attach a copy of the Complaint (Dkt. 1) and this Order to any subpoena(s) issued

        pursuant to this Order;

(3)     An ISP shall have twenty-one (21) days from service of the subpoena to notify

---

[6] For guidance, the Court has  reviewed the  procedural  protections  delineated  in Malibu Media, LLC v. John Does 1-22, No. 12-cv-1074-T-23-AEP  (M.D. Fla. July 9, 2012) and In Re BitTorrent, 2012 WL 1570765 at *14.

[7] The Court declines to adopt certain aspects of Plaintiff's proposed order, including the request to issue a Rule 45 subpoena to "any other entity identified . . . as a result of ongoing BitTorrent activity monitoring."

Doe Defendant that his or her identifying information is being sought pursuant to a Rule 45 subpoena.  An ISP shall provide a copy of this Order with the notification;

(4)     Doe Defendant shall have fourteen (14) days from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

(5)     An ISP shall produce the information sought to Plaintiff no later than twenty-one (21) days after notification to Doe Defendant pursuant to paragraph three (3) above;

(6)     Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint;

(7)     Additionally, Plaintiff shall adhere to the following procedures:

     a.     In all written or oral communications with Doe Defendant, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of Doe Defendant and must inform Doe Defendant that any statements made by Doe Defendant may be used  against Doe Defendant;

     b.     If Doe Defendant contacts Plaintiff, Plaintiff shall inform Doe Defendant of his/her right to hire legal counsel to represent him/her in this matter;[8]

---

[8] A civil litigant does not have an absolute right to appointment of counsel.  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so

6

c.      At any time, Doe Defendant may inform Plaintiff by phone or written communication that he or she does not want any further communication with Plaintiff until Plaintiff serves Doe Defendant in this matter;

d.      Plaintiff must notify in writing Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for the identified Doe Defendant;

(8)      Further, Plaintiff and any ISP that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses that are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers;

(9)      Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and any cost reports that serve as a basis for such billing; and

(10)      The subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**DONE AND ORDERED** in Tampa, Florida, this 8th day of November, 2012.

---

novel or complex as to require the assistance of a trained practitioner." Id.

ELIZABETH A JENKINS
United States Magistrate Judge